NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RITA GLORIA GUZMAN-BORJAS;
ANGEL DAVID LINARES-GUZMAN,

Petitioners,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No. 19-72130

Agency Nos. A209-336-717
A209-336-718

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Rita Gloria Guzman-Borjas and her son, Angel David Linares-Guzman,[1]

petition for review of a decision by the Board of Immigration Appeals (BIA)

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[1] Angel David was a rider on Guzman-Borjas's asylum application.

upholding the immigration judge's (IJ) denial of Guzman-Borjas's applications for asylum and withholding of removal.[2] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's adverse credibility finding. *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). In her credible fear interview, Guzman-Borjas stated that Angel's father, Miguel, beat her three times. During her hearing, Guzman-Borjas testified that Miguel beat her at least twelve times. "Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight," *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010), and Guzman-Borjas's testimony about the number of beatings has such great weight. It also presents a more compelling claim of persecution. *See Iman v. Barr*, 972 F.3d 1058, 1067–68 (9th Cir. 2020). And there were sufficient indicia of reliability to permit the BIA to consider Guzman-Borjas's credible fear interview because it was conducted under oath with an interpreter and included contemporaneous notes. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020).

Guzman-Borjas's inconsistent descriptions of the nature of her relationship

---

[2] Guzman-Borjas does not seek review of the denial of her claim for protection under the Convention Against Torture.

with Miguel also support the adverse credibility finding because these facts "form the basis of the asylum claim," *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011), and "even a petitioner's minor inconsistencies, when aggregated or when viewed in light of the total circumstances, may undermine credibility." *Shrestha*, 590 F.3d at 1043 n.4.

Though Guzman-Borjas's failure to report being raped by Miguel on her asylum application cannot support the adverse credibility finding because the IJ never provided her with a reasonable opportunity to explain the omission, *see Perez-Arceo v. Lynch*, 821 F.3d 1178, 1184 (9th Cir. 2016), we uphold the BIA's credibility determination because the other inconsistencies are of "great weight," *see Shrestha*, 590 F.3d at 1047. We therefore do not reach Petitioners' challenges to the BIA's decision on the merits of the asylum and withholding claims.

**PETITION DENIED.**